UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ORIGINAL SIXTEEN TO ONE MINE, INC., a California Corporation; MICHAEL MILLER; HUGH DAN O'NEILL III; ROBERT BESSO, JONATHAN FERRELL; TOM WOODFIN; and KEITH ROBERTSON, <br><br> Plaintiffs, <br><br> v. <br><br> QUARTZVIEW, INC., a California Corporation; ROGER HAAS; SIMON P. WESTBROOK; DOUGLAS W. CHARLTON; CHARLES CROMPTON JR., and DOES 1 through 100, inclusive, <br><br> Defendants. | No. 2:23-cv-00376-TLN-DB <br><br> **ORDER** |

This matter is before the Court on Defendants Quartzview, Inc. ("Quartzview"), Roger Haas, and Simon P. Westbrook's (collectively, "Defendants") Motion to Dismiss.[1] (ECF No. 6.) Plaintiffs The Original Sixteen to One Mine, Inc. ("OSTO"), Michael Miller, Hugh Dan O'Neill III, Robert Besso, Jonathan Ferrell, Tom Woodfin, and Keith Robertson (collectively, "Plaintiffs") filed an opposition. (ECF No. 8.) Defendants filed a reply. (ECF No. 10.) For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendants' motion.

///

---

[1] The Court notes only Defendants Quartzview, Inc., Roger Haas, and Simon P. Westbrook are parties to the instant motion. Defendants Douglas W. Charlton and Charles Crompton Jr. filed an answer to Plaintiffs' Complaint. (*See* ECF No. 5.) Thus, when the Court uses "Defendants" in this Order, the Court is referring only to the moving Defendants Quartzview, Haas, and Westbrook.

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a tender offer made by Quartzview and Haas to Plaintiffs for their shares of OSTO stock. (ECF No. 1 at 11.) OSTO is the oldest operating gold mine in the United States and is a publicly traded company. (*Id*. at 2.) Quartzview is a mineral resources exploration company based in California. (*Id*. at 3.) Haas is the President of Quartzview, and Westbrook is a Director at Quartzview. (*Id*. at 3–4.) In 2012, Quartzview and OSTO entered into a License and Service Agreement (hereinafterthe "Licensing Agreement"), which allowed Quartzview to utilize OSTO's operations to develop "deep sensing" technology to locate gold deposits. (*Id*. at 5.) From 2012 to 2022, Quartzview exercised its license to test the effectiveness of its technology at OSTO's mines, but Quartzview never found any gold. (*Id*. at 6.)

During these same years, Plaintiffs allege Quartzview investigated and gathered information about OSTO's management, ownership, financial condition, and strategic planning. (*Id*.) Plaintiffs allege Quartzview then used this information to cast OSTO and its management in a negative light and depress the value of OSTO stock to further their plan to take control of OSTO. (*Id*. at 7.) For example, Plaintiffs allege, in 2018, Defendants contacted the State of California Insurance Fund and falsely reported that OSTO misrepresented its employee census and engaged in fraudulent conduct. (*Id*. at 9.) Then, in 2022, Plaintiffs allege Defendants falsely represented to the California Central Valley Regional Water Quality Control Board that OSTO's surface property contained toxic solid waste. (*Id*.) As a result of Defendants' purportedly false statements, Plaintiffs allege OSTO's stock fell from ten dollars per share to less than one dollar per share by March 1, 2022. (*Id*. at 11.)

On March 2, 2022, Defendants made a tender offer to OSTO shareholders (hereinafter, the "Tender Offer"). (*Id*.) Plaintiffs and other shareholders accepted Defendants' Tender Offer. (*Id*. at 11–12.) Following Plaintiffs and other shareholders' acceptance of the Tender Offer, Defendants stated in a Securities and Exchange Commission filing that they now owned all the shares included in the accepted Tender Offers. (*Id*. at 12.) However, Plaintiffs allege Defendants never paid them or other shareholders for their shares. (*Id*.)

On February 28, 2023, Plaintiff initiated this action against Defendants, alleging the

following eight causes of action under both federal and California law: (1) manipulation of securities to gain control of OSTO; (2) making false and misleading statements in connection with a tender offer in violation of Section 14(e) of the Securities and Exchange Act; (3) declaratory relief; (4) violation of California Corporations Code § 25400; (5) breach of contract and rescission of contract; (6) elder financial abuse; (7) theft in violation of California Penal Code § 484; and (8) unfair competition in violation of California Business and Professions Code § 17200.  (ECF No. 1.)  On June 23, 2023, Defendants filed the instant motion to dismiss.  (ECF No. 6.)

## II.     STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief."  *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true allegations that contradict matters properly subject to judicial notice).

///

///

1    If a complaint fails to state a plausible claim, "'[a] district court should grant leave to
2    amend even if no request to amend the pleading was made, unless it determines that the pleading
3    could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,
4    1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));
5    *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in
6    denying leave to amend when amendment would be futile). Although a district court should
7    freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to
8    deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."
9    *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting
10   *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.   ANALYSIS**

Defendants move to dismiss Plaintiffs' first, second, and fifth causes of action. (ECF No. 6.) In moving to dismiss, Defendants also argue Plaintiffs' fail to allege sufficient facts to recover punitive damages. (*Id.*) The Court will address each of Defendants' arguments in turn.

A.   <u>Claim One</u>

In Plaintiffs' first cause of action, Plaintiffs seek relief for Defendants manipulation of OSTO securities to gain control of OSTO. (ECF No. 1 at 15.) Defendants argue Plaintiffs' first cause of action must be dismissed because it is not a legal cause of action and Plaintiffs "fail to identify the statute, code, or common law claim which provides the basis for this cause of action." (ECF No. 6 at 5.)

While Defendants fail to cite any authority to support their argument, the Court agrees with Defendants. To survive a motion to dismiss, at minimum, a plaintiff must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citation and quotations omitted). Without identifying the legal basis for Plaintiffs' claim for "manipulation of securities to gain control," Plaintiffs have not provided Defendants with fair notice of their claim.

Accordingly, the Court GRANTS Defendants' motion to dismiss. Additionally, the Court GRANTS Plaintiff's leave to amend based upon the liberal standard in favor of granting leave to

1 amend. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) ("Courts are free to
2 grant a party leave to amend whenever justice so requires, and request for leave should be granted
3 with extreme liberality."). However, the Court cautions Plaintiff that any amended complaint
4 must cure the above-outlined deficiencies "without contradicting any of the allegations of [the]
5 original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). In other
6 words, any subsequently amended complaint must not allege facts inconsistent with the original
7 complaint. *Id.* at 296–97.

        B.     Claim Two

In Plaintiffs' second cause of action, Plaintiff alleges Defendants made "false and misleading statements in connection with a tender offer" in violation of Section 14(e) of the Securities Exchange Act of 1934. (ECF No. 1 at 15.)

To state a claim under Section 14(e) and to satisfy the Private Securities Litigation Reform Act ("PSLRA"), a plaintiff must plead with particularity (a) "each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made upon information and belief, the complaint shall state with particularity all facts on which that belief is formed;" (b) "with respect to each act or omission ..., facts giving rise to a strong inference that the defendant acted with the required state of mind;" and (c) "that the act or omission ... caused the loss for which the plaintiff seeks to recover damages." 15 U.S.C. § 78u-4(b)(1), (b)(2)(A), (b)(4).

Defendants argue Plaintiffs' second cause of action must be dismissed because Plaintiffs fail to sufficiently allege: (1) a claim against all Defendants. other than Quartzview and Haas; (2) Defendants acted with the required state of mind; and (3) loss causation. (ECF No. 6 at 6.) The Court will address each of Defendants arguments in turn.

        *i.     Allegations Against Individual Defendants*

Defendants first argue the Court must dismiss Westbrook, Charlton, and Crompton from Plaintiffs' second cause of action because Plaintiffs fail to allege that all Defendants, besides Quartzview and Hass, "had any connection with the tender or the alleged false and misleading statements in connection therewith." (ECF No. 6 at 5–6.)

1       As an initial matter, only Quartzview, Haas, and Westbrook are parties to the instant
2  motion to dismiss.  (*See* ECF No. 1.)  Defendants fail to demonstrate they have standing to bring
3  arguments on behalf of Charlton and Crompton, who are not parties to the instant motion to
4  dismiss.  Thus, the Court will only address Defendants' arguments as they pertain to Westbrook.
5       Plaintiffs do not allege Westbrook made any statements or omitted any facts in the Tender
6  Offer or in connection with the Tender Offer.  Instead, Plaintiffs attempt to hold Westbrook liable
7  under the group pleading doctrine by claiming Westbrook is liable under Section 14(e) because
8  he is a Quartzview Director.  (*See* ECF No. 8 at 9.)
9       Prior to the enactment of the PSLRA, under the group pleading doctrine, plaintiffs could
10 "rely on a presumption that statements in "prospectuses, registration statements, annual reports,
11 press releases, or other 'group published information,' are the collective work of those individuals
12 with direct involvement of the day-to-day affairs of the company."  *In re Silicon Graphics, Inc.*
13 *Sec. Litig.*, 970 F. Supp. 746, 759 (N.D. Cal. 1997).  However, in the absence of guidance from
14 the Ninth Circuit, most district courts in this circuit have held that the group pleading doctrine is
15 inconsistent with the strict pleading requirements of the PSLRA.  *See e.g.*, *In re Wells Fargo &*
16 *Co. S'holder Derivative Litig.*, 282 F. Supp. 3d 1074 (N.D. Cal. 2017); *Petrie v. Elec. Game Card*
17 *Inc.,* 2011 WL 165402, at *3 (C.D. Cal. Jan. 12, 2011) (observing that "[t]he Central District of
18 California, in particular, appears to be unanimous in this conclusion; neither Plaintiffs nor the
19 Court have uncovered any post-Tellabs within-district case law holding to the contrary").
20 Specifically, district courts have found this doctrine is inconsistent with the PSLRA's
21 requirements that statements or omissions be set forth in a complaint with particularity as to *each*
22 defendant.  *In re Nextcard, Inc. Sec. Litig.*, No. C 01-21029 JF (RS), 2006 WL 708663, at *3
23 (N.D. Cal. Mar. 20, 2006).  Plaintiffs provide no basis as to why this Court should not join with
24 the other district courts in the Ninth Circuit, and this Court agrees it would be wholly inconsistent
25 with the particularity requirements of the PSLRA to hold Westbrook responsible for unattributed
26 statements made by OSTO and Haas based solely on his title.
27       Thus, the Court finds Plaintiffs have not sufficiently alleged a Section 14(e) claim against
28 Westbrook.

*ii.   State of Mind*

Defendants also argue the Court must dismiss Plaintiffs' second cause of action because Plaintiffs fail to meet the heightened pleading requirements under Rule 9(b) by not pleading Defendants acted with scienter. (ECF No. 6 at 6.) In opposition, Plaintiffs argue "a claim for relief based upon [Section] 14(e) of the Securities Exchange Act of 1934 may be based upon a theory of negligence, not fraud, and accordingly, the allegations are to be tested by [Rule] 8(a)." (ECF No. 8 at 6.)

The Court agrees with Plaintiffs. Section 14(e) of the Exchange Act "was enacted as one of the 1968 ... amendments to the Exchange Act, for the purpose of 'insur[ing] that public shareholders who are confronted by a cash tender offer for their stock will not be required to respond without adequate information.'" *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1167 (9th Cir. 2009) (quoting *Plaine v. McCabe*, 797 F.3d 713, 717 (9th Cir. 1986)). Thus, Section 14(e) "prohibits a person from making an untrue statement of material fact or a misleading omission in connection with a tender offer." *Id*. (citing 15 U.S.C. § 78n(e)). Courts generally interpreted Section 14(e) to impose the same requirements as a 10b-5 claim. *See e.g. Hussey v. Ruckus Wireless, Inc.*, No. 16-CV-02991-EMC, 2017 WL 679500, at *1 (N.D. Cal. Feb. 21, 2017). However, in 2018, the Ninth Circuit held that "section 14(e) requires a showing of negligence, as opposed to scienter." *Varjabedian v. Emulex Corp.*, 888 F.3d 399, 407–08 (9th Cir. 2018). In so ruling, the Ninth Circuit parted ways with five other circuits, which have imposed a scienter requirement. *See, e.g.*, *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009); *In re Digital Island Sec. Litig.*, 357 F.3d 322, 328 (3d Cir. 2004); *SEC v. Ginsburg*, 362 F.3d 1292, 1297 (11th Cir. 2004); *Conn. Nat'l Bank v. Fluor Corp.*, 808 F.2d 957, 961 (2d Cir. 1987*); Adams v. Standard Knitting Mills, Inc.*, 623 F.2d 422, 431 (6th Cir. 1980).

Defendants argue the Ninth Circuit's holding in *Varjabedian* is not applicable to this case. (ECF No. 10 at 5.) In *Varjabedian*, the Ninth Circuit divided Section 14(e) into two distinct sections. *Varjabedian*, 888 F.3d at 404. Specifically, the Ninth Circuit found Section 14(e) governs tender offers for publicly traded companies and makes it unlawful:

8

> "[1] to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or [2] to engage in any fraudulent, deceptive, or manipulative acts or practices in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation."

15 U.S.C. § 78n(e); *see Varjabedian*, 888 F.3d at 404. The Ninth Circuit went on to hold "because the text of the first clause of Section 14(e) is devoid of any suggestion that scienter is required, we conclude the first clause of Section 14(e) requires a showing of only negligence, not scienter." *Varjabedian*, 888 F.3d at 408.

Defendants argue, "[u]nlike *Varjabedian*, Plaintiffs' allegations do not fall exclusively into the first clause of section 14(e)." (ECF No. 10 at 5.) "Rather, Defendants contend Plaintiffs' allegations also impact the second clause" because Plaintiffs allege Defendants intentionally engaged in manipulative acts. (*Id.*) Thus, Defendants argue Plaintiffs must still adequately plead scienter to survive a motion to dismiss. (*Id.*) However, nothing in the Ninth Circuit's *Varjabedian* decision supports this distinction. Indeed, the Ninth Circuit later reaffirmed that "a Section 14(e) plaintiff could succeed with proof of negligence, and that proof of scienter is not necessary." *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1058 (9th Cir. 2023) (overturning district court's holding that a Section 14(e) plaintiff must state with particularity facts giving rise to a strong inference of scienter when their allegations are based on fraud). Thus, "[u]nder Ninth Circuit case law, a plaintiff need only allege that defendants should have been aware of the statement's falsity, rather than alleging that defendants knew that the statement was false." *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *5 (N.D. Cal. Dec. 22, 2021).

In the instant case, Plaintiffs allege the Tender Offer contained three false and misleading statements concerning OSTO management and OSTO's non-compliance with state and federal

1   environmental and labor regulations. (ECF No. 1 at 15–16.) However, Plaintiffs do not allege
2   whether Quartzview, Haas, or Westbrook acted with negligence in making these statements.
3   While Plaintiffs generally allege Defendants gained access to confidential information regarding
4   OSTO's management practices and financial condition (*see id*. at 6), Plaintiffs do not allege with
5   particularity how Defendants would have been aware that "no discharge or minimal toxic waste
6   occurred under the direction of Management" or that "management operated the Mine Property
7   consistent with regulations promulgated by the United States Dept. of Labor Mine Safety and
8   Health Administration." (*Id*. at 11–12.) Without these facts, Plaintiffs have not alleged that
9   Defendants knew or should have been aware that their statements regarding OSTO management
10  and compliance were false. *Blessing*, 2021 WL 6064006, at *5.

11  Plaintiffs also allege the Tender Offer contained omissions regarding Defendants'
12  inability to pay for the shares subject to the Tender Offer. (ECF No. 1 at 15–16.) Specifically,
13  Plaintiffs allege Defendants omitted that they "would not pay for the securities subject to the
14  tender offer when the offer was accepted by the owners thereof." (*Id*. at 16.) While Plaintiffs do
15  allege this statement was false because they have not yet been paid for their securities (*id*. at 12),
16  Plaintiffs once again fail to allege facts demonstrating Defendants were negligent in making this
17  omission. Particularly, the Complaint is deficient as to whether Quartzview, Haas, and
18  Westbrook genuinely believed they would not pay for the share subject to the Tender Offer, but
19  still made the deliberate decision to offer OSTO shareholders twenty cents per share if they
20  accepted the Tender Offer. Without these factual allegations, Plaintiffs have not provided the
21  Court with a strong inference that Defendants acted with negligence when making the alleged
22  omission. *See* 15 U.S.C. § 78u-4(b)(2)(A).

23  Thus, the Court finds Plaintiffs have not sufficiently alleged Defendants acted with
24  negligence when making the allegedly false and misleading statements.

25        *iii. Loss Causation*

26  Finally, Defendants argue the Court must dismiss Plaintiffs' second cause of action
27  because Plaintiffs have not sufficiently alleged loss causation. (ECF No. 6 at 6–7.) Specifically,
28  Defendants argue "Plaintiffs failed to plead any sort of causation between the alleged depressed

share price, as a result of Defendants' misleading statements, and shareholder reliance thereto." (*Id.*)

In stating a claim under Section 14(e), a plaintiff must plead loss causation with particularity. *See* 15 U.S.C. § 78u-4(b)(4); *Stoneridge Inv. Partners, LLC v. Sci.-Atlanta, Inc.*, 552 U.S. 148, 165 (2008) (explaining that the PSLRA "imposed ... a loss causation requirement upon 'any private action' arising from the [Securities Exchange Act]") (quoting 15 U.S.C. § 78u–4(b)); *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Incorp.*, 774 F.3d 598, 605 (9th Cir. 2014) (explaining that Rule 9(b) "applies to all elements of a securities fraud action, including loss causation"). "To prove loss causation, the Plaintiffs must demonstrate a causal connection between the deceptive acts that form the basis of the claim of securities fraud and the injury suffered by the Plaintiffs." *Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 608 (9th Cir. 2014) (quoting *Ambassador Hotel Co., Ltd. v. Wei–Chuan Inv.*, 189 F.3d 1017, 1027 (9th Cir.1999)). "Because loss causation is simply a variant of proximate cause, the ultimate issue is whether the defendant's misstatement, as opposed to some other fact, foreseeably caused plaintiff's loss." *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1210 (9th Cir. 2016) (citing *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 343–46 (2005)).

In the instant case, Plaintiffs allege they suffered a loss because they "have been damaged in the diminution of fair market value of the shares through the manipulative actions of Defendants and prejudgment interest." (ECF No. 1 at 16.) However, in viewing these allegations in the light most favorable to Plaintiffs, the Court finds Plaintiffs have not sufficiently pled loss causation with particularity. *See* 15 U.S.C. § 78u-4(b)(4). Specifically, Plaintiffs fail to connect any misstatements or omissions made in the Tender Offer with an actual economic harm. While Plaintiffs generally allege Defendants' purportedly false and misleading statements depressed the value of OSTO shares from ten dollars per share to less than a dollar per share (*see* ECF No. 1 at 11), Plaintiffs fail to allege facts explaining how these statements caused Plaintiffs to accept an undervalued Tender Offer. *See Lloyd*, 811 F.3d at 1210. Plaintiffs have also not alleged any facts quantifying their economic harm, or the difference between the price Plaintiffs and other shareholders accepted from Defendants for their shares and the "true value" of their shares. The

1  Court is left wondering whether Plaintiffs believe the "true value" of the shares was ten dollars
2  per share and how much Plaintiffs ultimately sold their shares to Defendants for.  Under the
3  PSLRA and Rule 9(b), Plaintiffs need to allege these facts to adequately plead loss causation.
4  Thus, the Court finds Plaintiffs have not sufficiently alleged loss causation.
5  Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiffs' second cause
6  of action with leave to amend.

### C. Claim Five

In Plaintiffs' fifth cause of action, Plaintiffs allege Defendants breached the accepted Tender Offer by "failing and refusing to pay for the stock of Plaintiffs" and thus "Plaintiffs and other stock-holders … are entitled to rescind the sale of stock and offers to tender any fund actually paid, less the damage Defendants have caused to said Plaintiffs and otherwise do equity." (ECF No. 1 at 19.)

Defendants argue Plaintiffs' claims for breach of contract and rescission must be dismissed because "Plaintiffs failed to state a claim under [these] [causes] of action against all Defendants other than Quartzview, Inc. and Roger Haas." (ECF No. 6 at 7.)  As stated previously, Defendants do not have standing to bring arguments on behalf of those who are not a party to the instant motion to dismiss.  Thus, the Court will only address Defendants' argument as it pertains to Westbrook.

Under California law, to sufficiently allege a breach of contract claim and a claim for rescission of a contract, a plaintiff must first allege a contract existed between the plaintiff and the defendant.  *See* Cal. Civ. Code §§ 1689(b)(1), 1691; *Walsh v. W. Valley Mission Cmty. Coll. Dist.*, 66 Cal. App. 4th 1532, 1545(1998).  In the instant case, Plaintiffs concede the Tender Offer was made by Quartzview and Roger Haas, but once again argue Westbrook is liable because he is a Director at Quartzview.  (ECF No. 8 at 10.)  However, Plaintiffs provide no authority to support this theory of liability and the Court finds no basis to adopt it.

Additionally, Plaintiffs argue it is within the Court's discretion to join Westbrook as a party to this action under Rule 19 and cite *Ford Plantation, LLC v. Black*, 205 F.R.D. 698 (S.D. Ga. 2000) in support.  (*Id.*)  Plaintiffs' argument, though, is contrary to law.  First, *Ford*

*Plantation* was decided in the Southern District of Georgia, meaning it is not considered binding authority in the Eastern District of California, and regardless the case's holding is inapposite to Plaintiffs' argument. As discussed in *Ford Plantation,* Rule 19 governs the mandatory joinder of indispensable parties who are not presently named in an action by a court. *See* Fed. R. Civ. P. 19. In the instant case, Westbrook is a named Defendant in this action, and Rule 19 is therefore inapplicable.

Thus, the Court GRANTS Defendants' motion to dismiss Westbrook from Plaintiffs' fifth cause of action with leave to amend.[2]

### D.  Punitive Damages

Finally, Defendants argue Plaintiffs' request for punitive damages should be dismissed because Plaintiffs do not allege "evil intent or motive on the part of Defendants." (ECF No. 6 at 8.) However, "punitive damages are but a remedy … [they] provide no basis for dismissal under Fed. R. Civ. P. 12(b)(6)." *Oppenheimer v. Sw. Airlines Co.*, No. 13-260, 2013 WL 3149483, at *4 (S.D. Cal. June 17, 2013). Thus, district courts throughout the Ninth Circuit "have held that because a prayer for relief is a remedy and not a claim, a Rule 12(b)(6) motion to dismiss for failure to state a claim is not a proper vehicle to challenge a plaintiff's prayer for punitive damages, because Rule 12(b)(6) only countenances dismissal for failure to state a claim." *Elias v. Navasartian*, No. 1:15-cv-01567-LJO-GSA-PC, 2017 WL 1013122, at *4 (E.D. Cal. Feb. 17, 2017) (collecting cases); *see also Kirchenberg v. Ainsworth, Pet Nutrition, Inc.*, No. 2:20-cv-00690-KJM-DMC, 2022 WL 172315, at *6 (E.D. Cal. Jan. 19, 2022) (rejecting the defendants' argument that the plaintiff's "request for punitive damages should be dismissed because [the plaintiff] does not allege oppression, fraud, or malice by an officer, director, or managing agent," because a "Rule 12 (b)(6) motion to dismiss is not the appropriate vehicle to challenge the sufficiency of a prayer for punitive damages") (internal citations omitted).

Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiffs' request for punitive damages.

---

[2] Should Plaintiffs opt to file an amended complaint, the Court notes Plaintiffs should list its breach of contract and rescission claims separately as they are distinct causes of action.

**IV. CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS in part and DENIES in part Defendants' Motion to Dismiss (ECF No. 6) as follows:

1. Defendants' motion is GRANTED as to Plaintiffs' first, second, and fifth causes of action with leave to amend; and

2. Defendants' motion is DENIED as to Plaintiffs' request for punitive damages.

To summarize, Plaintiffs' remaining claims against Defendants are for: (1) declaratory relief; (2) violation of California Corporations Code § 25400; (3) elder financial abuse; (4) theft in violation of California Penal Code § 484; and (5) unfair competition in violation of California Business and Professions Code § 17200.  Plaintiffs shall file an amended complaint no later than thirty (30) days from the electronic filing date of this Order.  All Defendants, including Charlton and Crompton, shall file any responsive pleading no later than twenty-one (21) days from the electronic filing date of Plaintiffs' amended complaint.

If Plaintiffs opt to not amend their Complaint, then this action will proceed on Plaintiffs' five remaining claims against Defendants, and those Defendants shall file an answer no later than twenty-one (21) days from Plaintiffs' deadline for filing an amended complaint.  This action will also proceed on all claims in the original Complaint against Charlton and Crompton, who already filed an answer, should Plaintiffs choose not to amend.

IT IS SO ORDERED.

Date: March 29, 2024

Troy L. Nunley
United States District Judge