UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ORIGINAL SIXTEEN TO ONE MINE, INC., a California Corporation; MICHAEL MILLER; HUGH DAN O'NEILL III; ROBERT BESSO, JONATHAN FERRELL; TOM WOODFIN; and KEITH ROBERTSON,<br><br>Plaintiffs,<br><br>v.<br><br>QUARTZVIEW, INC., a California Corporation; ROGER HAAS; SIMON P. WESTBROOK; DOUGLAS W. CHARLTON; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:23-cv-00376-TLN-SCR<br><br>**ORDER** |

This matter is before the Court on Defendants Quartzview, Inc. ("Quartzview"), Roger Haas ("Haas"), and Simon P. Westbrook's ("Westbrook") (collectively, "Defendants") Motion to Dismiss.[1] (ECF No. 38.)  Plaintiffs The Original Sixteen to One Mine, Inc. ("OSTO"), Hugh Dan

---

[1] Defendant Douglas W. Charlton ("Charlton") filed a notice of joinder to the instant motion to dismiss. (ECF No. 39.)  When the Court uses "Defendants" in this Order, the Court is referring to Defendants Quartzview, Haas, Westbrook, and Charlton.  When the Court uses "individual Defendants" the Court is referring to Defendants Haas, Westbrook, and Charlton.

1

O'Neill III, Robert Besso, Jonathan Ferrell, Tom Woodfin, and Keith Robertson filed an opposition. (ECF No. 41.) Plaintiff Michael Miller ("Plaintiff Miller") also filed an opposition.[2] (ECF No. 42.) Defendants filed a reply. (ECF No. 46.) For the reasons set forth below, the Court DENIES Defendants' motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this case is set forth in full in the Court's March 29, 2024 Order granting in part and denying in part Defendants' first motion to dismiss. (ECF No. 11.) On February 25, 2025, Plaintiffs filed a Second Amended Complaint ("SAC") alleging claims for the following: manipulation of securities to gain control; declaratory relief; violation of California Corporations Code §§ 25400–25304; breach of contract by OSTO against Quartzview; inducing breach of contract; elder financial abuse; theft in violation of California Penal Code § 484; and unfair competition in violation of California Business and Professions Code § 17200. (ECF No. 37.) Defendants filed the instant motion to dismiss on March 17, 2025. (ECF No. 38.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

---

[2] When the Court uses "OSTO Plaintiffs" in this Order, the Court is referring to Plaintiffs OSTO, Hugh Dan O'Neill III, Robert Besso, Jonathan Ferrell, Tom Woodfin, Keith Robertson. When the Court uses "Plaintiffs" in this Order, the Court is referring to the OSTO Plaintiffs and Plaintiff Michael Miller.

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*

*Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### III.  ANALYSIS

Defendants move to dismiss Plaintiffs' first cause of action. (ECF No. 38.) Plaintiffs' first cause of action seeks relief for Defendants' manipulation of securities to gain control in violation of the Securities and Exchange Act of 1934 ("the Act") § 10(b). (ECF No. 37 at 27–35.)

"To state a securities fraud claim under § 10(b) of the Act and Rule 10b-5, a plaintiff must show (1) a material misrepresentation or omission, (2) scienter, (3) in connection with the purchase or sale of a security, (4) reliance, (5) economic loss, and (6) loss causation." *Mueller v. San Diego Entertainment Partners, LLC*, 260 F. Supp. 3d 1283, 1291 (S.D. Cal. 2017) (citing *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37 (2011)). Under the Private Securities Litigation Reform Act ("PSLRA"), a heightened pleading requirement requires that falsity and scienter be plead with particularity. *Id.* (citing *Amgen, Inc. v. Conn. Retirement Plans and Trust Funds*, 568 U.S. 455, 476 (2013); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F. 3d 981, 990 (9th Cir. 2009)).

Defendants argue Plaintiffs fail to sufficiently allege scienter and reliance. (ECF No. 38 at 5–6.) The Court will address these elements in turn.

#### i.   Scienter

To establish scienter, a complaint must allege the defendant intentionally or with deliberate recklessness made false or misleading statements. *Mueller*, 260 F. Supp. 3d at 1291–92. Facts that show "mere recklessness" or "a motive to commit fraud and opportunity to do so" are insufficient to prove "a strong inference of deliberate recklessness." *Id.* at 1291. Where a plaintiff has alleged the defendant was an agent of an entity, the entity may have scienter through the defendant. *In re ChinaCast Educ. Corp. Sec. Litig.*, 809 F.3d 471, 475 (9th Cir. 2015).

///

4

Defendants argue, while Plaintiffs have alleged eight instances of Defendants' misconduct, each one is insufficient from a scienter perspective. (ECF No. 38 at 8.) Defendants specifically contend Plaintiffs have not provided details to link the alleged fraudulent statements to each specific defendant. (*Id.*) In opposition, Plaintiff Miller argues the SAC includes allegations identifying specific defendants who made false representations intended to depress the value of OSTO shares and enable Quartzview to gain control. (ECF No. 42 at 6.) OSTO Plaintiffs argue, taken together, the allegations of the SAC show a calculated campaign of false and misleading statements and omissions committed with overt scienter. (ECF No. 41 at 5.)

The Court previously addressed the sufficiency of Plaintiffs' allegations as to scienter in ruling on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. (ECF No. 32 at 5–9.) There, the Court noted, in at least seven instances of Defendants' alleged material misrepresentations,[3] Plaintiffs stated with particularity sufficient facts to give rise to a strong inference the individual Defendants acted with the required state of mind — namely, that the misrepresentations were made with "conscious recklessness," "with fraudulent intent," and "without any regard for the truth of the statement made. (*Id.* at 9.) However, the Court found scienter was not fully established because Plaintiffs had not provided any information on how any individual Defendant was acting on behalf of Quartzview. (*Id.*) Thus, in determining whether Plaintiffs have cured the deficiencies of the FAC, the Court considers whether Plaintiffs alleged any of the individual Defendants were acting on behalf of Quartzview.

The Court finds Plaintiffs have sufficiently alleged Defendants Haas and Westbrook were acting on behalf of Quartzview. Specifically, Plaintiffs allege Haas is the President and Director of Quartzview, and Westbrook is a Director of Quartzview. (ECF No. 37 ¶¶ 12, 13.) Plaintiffs further allege Haas and Westbrook, in their capacities as President and Director, made misrepresentations intended to manipulate the price of OSTO's stock and caused Quartzview to obtain a controlling interest in OSTO. (*Id.* at ¶¶ 40–42.) Because Plaintiffs have alleged Haas and Westbrook were agents of Quartzview and acting within the scope of their apparent authority,

---

[3] The eight instances of Defendants' material misrepresentations are summarized in full in the Court's January 27, 2025 Order. (ECF No. 32 at 6–8.)

5

the scienter of Haas and Westbrook can be imputed to Quartzview. *See In re Origin Materials, Inc. Sec. Litig.*, 766 F. Supp. 3d 998, 1012 (E.D. Cal. 2025) (citing *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 706 (9th Cir. 2021)).

In sum, the Court finds Plaintiffs have adequately established scienter.

### *ii.   Reliance*

"Reliance establishes the causal connection between the alleged fraud and the securities transaction." *Desai v. Deutsche Bank Securities, Ltd.*, 573 F.3d 931, 939 (9th Cir. 2009). "To say that a plaintiff relied on a defendant's bad act is to say that the defendant's actions 'played a substantial part in the plaintiff's investment decision.'" *Id.* (citing *Rowe v. Maremont Corp.*, 850 F.2d 1226, 1233 (9th Cir. 1988)). This element requires a plaintiff to establish "that he would not have engaged in the transaction in question had he known about the fraud." *Id.*

Defendants argue Plaintiffs fail to allege that they would not have engaged in the transaction had they known about the alleged misrepresentations. (ECF No. 38 at 8.) In opposition, Plaintiff Miller maintains the SAC includes allegations that Plaintiffs relied on Defendants' false and fraudulent misrepresentations. (ECF No. 42 at 8.) Further, Plaintiffs contend Defendants have not disputed the alleged fraudulent misrepresentations were material to whether Plaintiffs agreed to accept Quartzview's tender offer and argue when materiality is established, reliance is presumed. (*Id.* at 9; ECF No. 41 at 11.)

The Court previously addressed the sufficiency of Plaintiffs' allegations as to reliance in ruling on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. (ECF No. 32 at 9–10.) There, the Court noted Plaintiffs had not alleged facts to show how they became aware of the alleged misrepresentations and what role the alleged misrepresentations played in their decision-making. (*Id.* at 10.)

Here, the Court finds Plaintiffs have sufficiently cured the defects previously identified. For example, with respect to the "manipulation report," Plaintiffs allege OSTO was provided with a copy of the report by a shareholder who had received it from Haas and Westbrook. (ECF No. 37 ¶ 25(A)(v).) Plaintiffs also allege the purpose of the report was to get OSTO shareholders to rely on the report and thereby lose confidence in Plaintiff Miller and the then-existing OSTO

management with the intent of inducing existing shareholders to sell their shares to Haas or Quartzview.  (*Id.* ¶ 25(A)(vi).)  Plaintiffs further allege Haas informed Plaintiff Miller that Haas was purchasing OSTO shares at a depressed price.  (*Id.*)  Additionally, Plaintiffs allege OSTO's shareholders relied upon the report and false representations contained therein when deciding whether to agree to sell their stock to Quartzview or vote to remove OSTO's management and give control of OSTO to Quartzview.  (*Id.*at ¶25(A)[4])  The Court finds Plaintiffs have alleged similarly sufficient facts with respect to the other seven instances.  Accordingly, Plaintiffs have sufficiently alleged reliance.

### IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss.  (ECF No. 38.)  Defendants shall file an answer not later than twenty-one (21) days from the date of this Order.

IT IS SO ORDERED.

Date: October 24, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[4]   Though Plaintiff's Complaint is numbered throughout, the cited paragraph is not numbered but can be found at ECF No. 37 at 13, lines 12–19.